**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ALVARADO; et al., | No. 09-15415 |
| Plaintiffs, | D.C. No. 3:04-cv-00098-SI |
| and | |
| KAY MCKENZIE PARKER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, DBA Fedex Express, | |
| Defendant - Appellee. | |

| | |
|---|---|
| GARY WHITE and ALEXANDER RIVERA, | No. 09-15417 |
| Plaintiffs, | D.C. No. 3:04-cv-00099-SI |
| and | |
| KAY MCKENZIE PARKER, | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

                    Appellant,

    v.

FEDERAL EXPRESS CORPORATION, a
Delaware corporation, DBA Fedex
Express,

                    Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and JONES, Chief
District Judge.[**]

This court has jurisdiction under 28 U.S.C. § 1291 and we affirm the district

court's judgment denying Parker standing to seek statutory attorney's fees.

The district court did not abuse its discretion in determining that Parker

could not seek statutory attorney's fees. Although attorney's fees under

California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §

---

[**] The Honorable Robert Clive Jones, Chief District Judge for the U.S.
District Court for Nevada, Reno, sitting by designation.

12965(b), belong to the attorney, the attorney may waive those fees through "an enforceable agreement to the contrary." *Flannery v. Prentice*, 28 P.3d 860, 871 (Cal. 2001). Here, the Engagement for Legal Services (ELS) (to which Parker was a party through Addendum 1) clearly provided that the attorneys' fees would be 40% of *any* amounts received or recovered by way of settlement after arbitration or mediation. Having expressly agreed to receive only 40% of any amount received by way of settlement, Parker may not now demand statutory fees that the plaintiffs did not receive "by way of settlement." The district court's discretionary decision was buttressed by (1) the special master's order relating to the attorney's fee arrangement, and (2) other evidence (outside the agreement) indicating the agreement waived statutory fee claims. For example, because FEHA attorney's fees belong to the attorney, the judgment plaintiffs (who signed the same ELS) would not have needed to assign those fees to McCoy after trial—unless McCoy (and Parker) had previously waived statutory fees in favor of all the plaintiffs under the ELS.

The district court did not err in determining that the ELS is an enforceable agreement. California courts have held that a discharged attorney may not seek the full contingent fee after discharge, because doing so would interfere with the client's right to discharge the attorney. *Fracasse v. Brent*, 494 P.2d 9, 13-14 (Cal.

1972).  Allowing a discharged attorney the full fee amount "could result in double payment of fees first to the discharged and then to a new attorney." *Spires v. Am. Bus Lines*, 204 Cal. Rptr. 531, 533 (Ct. App. 1984).

Although a discharged attorney may not enforce the contingent fee percentage, *Fracasse* does not render the entirety of the contract unenforceable. *See, e.g.*, *Weiss v. Marcus*, 51 Cal. App. 3d 590, 598 (1975) (enforcing lien provision in the contract up to the quantum meruit amount).  Further, the client may still enforce the contract in order to limit current and discharged attorneys' recovery to the total agreed contingent fee amount.  *See Cazares v. Saenz*, 256 Cal. Rptr. 209, 215 (Ct. App. 1989).  Enforcing the waiver of statutory fees does not expose the client to double payment, nor would it interfere with the client's ability to discharge counsel.  Therefore, the ELS is "an enforceable agreement to the contrary" disposing of statutory attorney's fees.

**AFFIRMED.**[1]

---

[1] Appellant Kay McKenzie Parker's Request for Judicial Notice (Dkt. 27) is granted as to Exhibits A and G, and the remainder is denied.  Appellant Kay McKenzie Parker's Second Request to Take Judicial Notice (Dkt. 40-1) is denied.